**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WILLIAM RETTSTATT JOSEPH PAIN — PLAINTIFF
ADC # 141617

v. — 4:26CV00147-JM-JTK

DEXTER PAYNE, et al. — DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

William Rettstatt Joseph Pain ("Plaintiff") is in custody at the Larry B. Norris Unit of the Arkansas Division of Correction ("ADC"). His claims arise from the time he was an inmate at the Varner Unit of the ADC. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 without the help of a lawyer. (Doc. No. 2). His Complaint is the operative pleading in this action. (Id.).

Plaintiff sued multiple ADC officials alleging violations of his federally-protected rights. (Doc. No. 2). On February 25, 2026, United States District Judge James M. Moody terminated Defendants Pain, Jackson, Harris, Lamarion Brown, Brown, Gibson, Taylor, Goodwin, Scruggs, Reynolds, Stinnit, Holicomb, Lewis, and Arnold as parties to this action. (Doc. No. 6). The

Court directed service of Plaintiff's claims against Defendants Jared Byers, Joseph Bivens, Douglas Penick, and Brandon Higgins (collectively, "Defendants"). (Doc. No. 8). Those claims remain pending.

On July 13, 2026, Defendants filed a Motion for Summary Judgment on the issue of exhaustion, along with a Brief in Support and Statement of Indisputable Material Facts. (Doc. Nos. 27-29). The Court directed Plaintiff to respond to Defendants' Motion by August 14, 2026. (Doc. No. 30). The Court advised Plaintiff that failure to comply with the Order could result in all facts set forth in Defendants' summary judgment papers being deemed admitted. (Id.) Plaintiff has not filed a response and the time for doing so has passed.

After careful consideration and for the reasons set out below, the Court recommends that Defendants' Motion be granted and Plaintiff's claims against Defendants' be dismissed for failure to exhaust administrative remedies.

## II. Plaintiff's Pending Claims

Plaintiff claims that while at the Varner Unit, an inmate assaulted him. (Doc. No. 2 at 11). The inmate then locked Plaintiff in a closet and told Plaintiff: "If you don't drop that lawsuit against Captain Linda Arnold at the Pine Bluff Unit, [Defendant] Bivens is going to pay me to rape you." (Id.). Another inmate freed Plaintiff who then reported the incident to Defendant Penick and was examined by medical staff. (Id. at 12). Plaintiff complains that Defendant Penick never investigated the PREA allegations and kept Plaintiff safe in isolation for just 12 hours. (Id.).

Defendant Bivens then tried to move Plaintiff into the cell in which the inmate who attacked him was housed. (Id. at 13). Plaintiff protested. (Id.). Defendant Bivens placed Plaintiff in a cell with standing room only for six hours. (Doc. No. 2 at 13). On October 9,

2025, Plaintiff was moved to isolation and received two disciplinaries from Defendant Penick. (Id.). On November 7, 2025, Defendant Higgins told Plaintiff to pack his belongings because he was being moved. (Id. at 14). Plaintiff was then transferred to the Randle Williams Unit. (Id.).

## III. Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.

Fed. R. Civ. P. 56(e).

## IV. Discussion

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. Nos. 27-29). According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 28) are deemed admitted. Local Rule 56.1(c); Fed. R. Civ. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the prison had in place a grievance procedure, Administrative Directive ("AD") 19-34. (Doc. No. 28 at ¶ 1; Doc. No. 27-2 at ¶ 3; Doc. No. 27-1). Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 27-1 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (Id. at 6.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (Id. at 9.) The warden or his designee must provide a written response within twenty working days of receipt. (Id. at 11.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Id. at 12.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 27-1 at 13.) "A [written] decision or rejection of an appeal at this level is the end of the grievance process." (Id.) Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed. An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance. All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the

> grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(Id. at 5.)

In support of their Motion, Defendants presented the Declaration of April Gibson, ADC Corrections Program Coordinator. (Doc. No. 27-2). Ms. Gibson's responsibilities include responding to non-medical grievances filed by ADC inmates. (Id. at ¶¶ 1, 2). Ms. Gibson declared under penalty of perjury that Plaintiff field one grievance between March 11, 2025, and April 21, 2026, grievance VU-25-00292. (Id. at ¶ 6).

Grievance VU-25-00292 reads:

> On 10-7-25 at approx. 11:30 p.m. – 11:59 p.m. I was assaulted by inmate Robert Williams going in to the chemical room and shoved inside the cage and locked in by inmate Williams when I got out I reported the incident to Lt. Penick, I didn't fight back. Inmate was locked up for 6 hours and he was released and placed in 6 Brks and is on my enemy separation list. On 10-9-25 Lt. Johnson my boss fired me from my job as a sanitation worker and has Mrs. Bell in classification move me to 2 Brks on the same hallway with my known enemy. So I advised security that I fear for my life and I need to be moved somewhere else. I was never written a disciplinary for being assaulted and shouldn't have been moved. This guy was one of Lt. Johnson's favorites and she only had me moved to get me harmed and to get back at me for him due to I am white and he is black.

(Doc. No. 27-4 at 2).

The grievance was rejected as a disciplinary matter. (Id. at 3).

Exhaustion of administrative remedies allows the ADC to investigate and correct alleged wrongdoings before being faced with a lawsuit, among other things. Friends of the Norbeck v. U.S. Forest Serv., 661 F.3d 969, 974 (8th Cir. 2011) (citing Woodford v. Ngo, 548 U.S. 81, 89 (2006)). Plaintiff mentions Defendant Penick in grievance VU-25-00292—but only to the extent to say that he reported inmate Williams's actions to Defendant Penick. Nothing in grievance VU-

25-00292 would give the ADC reason to believe that Plaintiff had any complaints about Defendant Penick's acts or omissions. Plaintiff did not name any other Defendant in grievance VU-25-00292. Under these circumstances, Plaintiff did not exhaust his administrative remedies as to any claim in this case through grievance VU-25-00292.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, the Court recommends that Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

**V. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment filed by Defendants Bivens, Byers, Higgins, and Penick (Doc. No. 27) be GRANTED;

2. Plaintiff's claims against Defendants Bivens, Byers, Higgins, and Penick be DISMISSED without prejudice for failure to exhaust administrative remedies;

3. This action be CLOSED; and

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 24th day of August, 2026.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE